# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | | |
|---|---|---|
| COREY L. DIAMOND, | : | |
| Plaintiff, | : | |
| vs. | : | CA 19-0936-CG-MU |
| FEDERAL BUREAU OF INVESTIGATION, | : | |
| Defendant. | : | |

## REPORT AND RECOMMENDATION

This action is before the Court on Plaintiff's *pro se* complaint (Doc. 1) and motion to proceed without prepayment of fees and costs (Doc. 2). This matter has been referred to the undersigned for pretrial disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and General Local Rule 72(a)(2)(S). Because Diamond has requested leave to proceed without prepayment of costs and fees (Doc. 2), this Court has the obligation to undertake a review of his complaint pursuant to the provisions of 28 U.S.C. § 1915(e). That statute instructs courts to dismiss any action when it is determined that an *in forma pauperis* applicant's suit is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Upon consideration of the pleadings, it is recommended that this action be **DISMISSED WITH PREJUDICE**, prior to service of

process, because Plaintiff's *Bivens* claim against the FBI is time-barred and otherwise frivolous.[1]

## **BRIEF BACKGROUND**

On November 6, 2019, the *pro se* Plaintiff filed a form complaint for a civil case wherein he seeks damages against the FBI for that agency's alleged entrapment of him in 2001 or 2002. (*See* Doc. 1, at 4).

> I [was] charge[d] with conspir[ing] to buy and sale (sic) cocaine[.] [T]hey dropped it down to theft of government property and that was entrapment[.] An agent gave me some money to buy [] drug[s] and I spent the money on items NOT drug[s.]

(*Id.*)[2] Diamond does not identify the basis for federal court jurisdiction; that is, he does specifically check-mark the box for federal question jurisdiction or diversity jurisdiction.

---

[1] Because Diamond's *Bivens* claim against the FBI is time-barred and frivolous, the undersigned simply **MOOTS** his motion to proceed without prepayment of fees and costs (Doc. 2).

[2] The undersigned has access to the criminal case about which Diamond makes reference in his complaint; therefore, a parenthetical review of the true facts is appropriate. Corey Diamond was arrested on the basis of a criminal complaint and bench warrant issued out of this Court on February 1, 2001. *See United States of America v. Corey Diamond,* Criminal No. 01-0034-CB, Docs. 1 & 2. On February 22, 2001, Diamond was indicted on one count of attempt to possess with intent to distribute cocaine and one count of stealing United States currency. *Id.,* Doc. 12. On March 13, 2001, Diamond filed his notice of intent to plead guilty, *id.,* Doc. 14, and, on March 19, 2001, entered a counseled guilty plea to theft of United States property in violation of 18 U.S.C. § 641, *see id.,* Docs. 16 & 17. Diamond's factual resume reads, in relevant measure, as follows:

> **COREY DIAMOND** acknowledges that the United States could prove beyond a reasonable doubt that on January 20, 2001, an FBI agent gave K[] G[] $2,000 in pre-recorded United States currency to use in an undercover capacity to purchase cocaine from **COREY DIAMOND. DIAMOND** had previous discussions with G[] about **DIAMOND** and G[] pooling their money in order that **DIAMOND** could contact his supplier in Texas and purchase cocaine.
>
> After **DIAMOND** received the $2,000 from G[] he did not go through with the drug deal. G[] made several attempts to contact **DIAMOND** about the drug deal in the next couple of weeks but **DIAMOND** avoided G[]. **DIAMOND** later told

(Continued)

(*See* Doc. 1, at 3.) Thereafter, however, he does identify the basis for federal-question jurisdiction as "Entrapment" (*id.*) and then goes on to fill out the diversity jurisdiction "section," identifying himself as a citizen of Alabama and the FBI as a citizen of "Mobile, AL" (*id.*).[3]

---

agents that he never intended to go through with the drug deal with G[] and that it was "nothing more than a ripoff."

*Id.,* Doc. 17, Attached Factual Resume, at 1-2. On June 22, 2001, the Court entered its judgment, sentencing Diamond to time served, restitution in the amount of $2,000, and an SRT terms of 3 years. *See id.,* Doc. 20.

The charge against Diamond was **not** "dropped" from conspiracy to buy and sell cocaine to theft of government property as Plaintiff alleges in his complaint—rather, Plaintiff was charged in a two-count indictment, Count 1 charging attempt to possess with intent to distribute cocaine and Count 2 charging stealing government property, Count 1 being dismissed when Diamond pled guilty to Count 2—but, as well, that Diamond was never given money by a government agent to buy drugs as he alleges (instead, a government informant was given government money to buy drugs from Diamond, who did not purchase any drugs but stole the government's money). Thus, the "true" facts from Diamond's underlying criminal case do not reflect "entrapment;" rather, the facts are reflective of Diamond's admitted intent to steal money from an acquaintance. The problem for Diamond, of course, is that the money he stole was property of the United States government.

[3] While Plaintiff's description of the FBI's putative citizenship would, itself, destroy diversity jurisdiction, *Cornelius v. U.S. Bank Nat'l Ass'n,* 452 Fed.Appx. 863, 865 (11th Cir. Nov. 29, 2011) ("Jurisdiction under 28 U.S.C. § 1332 based upon the parties' diversity of citizenship 'requires complete diversity—every plaintiff must be diverse from every defendant.'"); *see also Strawbridge v. Curtiss,* 3 Cranch 267, 7 U.S. 267, 2 L.Ed. 435 (1806), it is all too clear that an agency of the United States, like the FBI, is not a citizen of a state or of a foreign state for purposes of diversity jurisdiction, *compare Fifth Third Bank v. Florida Caring Hands Corp.,* 2015 WL 12818836, *3 (M.D. Fla. Apr. 17, 2015) ("An agency of the United States is not a citizen of a state or of a foreign state for purposes of diversity jurisdiction and, therefore, cannot be sued in diversity alone.") *with Evans v. Federal Bureau of Investigation,* 2006 WL 618304, *3 (E.D. Cal. Mar. 9, 2006) ("Defendant, an agency of the United States, is not a citizen of a state or of a foreign state. . . . The court does not have diversity jurisdiction."). Therefore, this Court cannot exercise diversity jurisdiction over this action.

**DISCUSSION**

Upon liberally construing Plaintiff's complaint, as must be done,[4] and because Diamond seeks damages for purportedly being entrapped by the FBI in 2001 or 2002, the undersigned finds that Plaintiff is seeking to proceed under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971).

*Bivens*, of course, "'provides a cause of action for constitutional violations against federal officials[.]'" *Barber v. Federal Bureau of Investigation,* 2016 WL 4083244, *3 (M.D. Fla. July 5, 2016) (citation omitted), *report and recommendation adopted,* 2016 WL 4041048 (M.D. Fla. July 27, 2016). And while it is clear that a plaintiff cannot proceed against the FBI under *Bivens, compare, e.g., Horne v. Social Security Admin.,* 359 Fed.Appx. 138, 143 (11th Cir. Jan. 4, 2010) ("[A] plaintiff may not bring a *Bivens* action against a federal agency or a federal officer acting in his official capacity.") *with Nordell v. Montgomery Alabama Police Dep't*, 2008 WL 622043, *7 (M.D. Ala. Mar. 4, 2008) ("Congress has not authorized in explicit language that the FBI can be sued in its own name."), and, therefore, his complaint against the FBI should be dismissed with prejudice as frivolous on this basis alone, it is also clear that the instant action is barred by the applicable statute of limitations.[5]

---

[4] "A document filed *pro se* is 'to be liberally construed,' . . . and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers[.]'" *Erickson v. Pardus,* 551 U.S. 89, 94, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007) (citation omitted).

[5] "Usually, the statute of limitations is a matter to be raised as an affirmative defense." *Norman v. Drug Enforcement Admin.,* 2018 WL 7075293, *2 (M.D. Ala. Sept. 14, 2018), *report and recommendation adopted,* 2019 WL 254235 (M.D. Ala. Jan. 17, 2019).

(Continued)

"*Bivens* actions are subject to the same statute of limitations that governs actions brought under 42 U.S.C. § 1983." *Nicholson v. Harris,* 2019 WL 2754734, *3 (N.D. Ala. May 8, 2019) (citing *Kelly v. Serna,* 87 F.3d 1235, 1238 (11th Cir. 1996)), *report and recommendation adopted,* 2019 WL 2744567 (N.D. Ala. July 1, 2019). And since § 1983 actions are governed by the relevant state's personal injury limitations period, *id.* (citation omitted), "[s]tate law determines the statute of limitations for *Bivens* actions[.]" *Norman, supra,* at *2 (citations omitted). "In Alabama, the two-year limitations period in Ala. Code § 6-2-38(*l*) applies to § 1983 and *Bivens* actions." *Nicholson, supra,* citing *Jones v. Preuit & Mauldin,* 876 F.2d 1480, 1483 (11th Cir. 1989). "[A] *Bivens* cause of action accrues—and the statute of limitations begins to run—when a plaintiff knows or has reason to know (1) of his injury and (2) who has inflicted it." *Rice v. Sixteen Unknown Federal Agents,* 658 Fed.Appx. 959, 962 (11th Cir. Aug. 30, 2016) (citations omitted).

Although the underlying facts of Diamond's prosecution on criminal charges in this Court back in 2001 (not in 2002), as reflected in footnote 2 above, show Plaintiff was not entrapped by an agent (or agents) working for the FBI,[6] even taking Diamond's

---

However, in a *Bivens* action, or an action under 42 U.S.C. § 1983, a court may consider, *sua sponte,* affirmative defenses apparent from the face of the complaint. *Clark v. Georgia Pardons and Parole Board,* 915 F.2d 636, 640 n.2 (11th Cir. 1990); *see also Ali v. Higgs,* 892 F.2d 438 (5th Cir. 1990). "[I]f the district court sees that an affirmative defense would defeat the action, a section 1915[] dismissal is allowed." *Clark,* 915 F.2d at 640. "The expiration of the statute of limitations is an affirmative defense the existence of which warrants dismissal as frivolous. . . . In such cases, "the court is authorized to test the proceeding for frivolousness or maliciousness even before service of process or before the filing of the answer." *Ali,* 892 F.2d at 440.

*Id.*

[6]  Diamond's defense counsel certainly never asserted an entrapment defense.

allegations in his complaint at face value, it is clear that Plaintiff was aware by the time of his indictment on February 22, 2001, or certainly when he entered a counseled guilty plea on March 19, 2001, of the facts upon which an entrapment argument/claim could be based. Indeed, in his complaint, Plaintiff complains of acts which occurred in either 2001 or 2002 (Doc. 1, at 4), but which the records of Diamond's past criminal case demonstrate occurred in 2001. This action was filed on November 6, 2019, well over two years (specifically, over 18 years) after the occurrence of the alleged unconstitutional actions forming the basis of his claim;[7] therefore, Diamond's *Bivens* claim should be dismissed with prejudice under 28 U.S.C. § 1915(e)(2)(B)(i).

## CONCLUSION

Based upon the foregoing, it is **RECOMMENDED** that this action be **DISMISSED WITH PREJUDICE**, prior to service of process, in accordance with 28 U.S.C. § 1915(e)(2)(B)(i), as barred by the applicable statute of limitations and because Plaintiff cannot bring a *Bivens* action against the FBI.

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(b); S.D. Ala. GenLR 72(c)(1) & (2). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or

---

[7] "Neither [Diamond's] ignorance of the law nor his pro se status [would] constitute 'extraordinary circumstances' sufficient to toll the running of the statute of limitations." *Rice, supra* (citations omitted).

6

recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

    **DONE** this the 13th day of November, 2019.

                                    s/P. Bradley Murray
                                    **UNITED STATES MAGISTRATE JUDGE**